UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY STIEGLER,

    Petitioner,

vs.

WARDEN NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-01274-APG-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action and the petition has been filed. (Dkt. #1).

Concurrent with the filing of the petition, petitioner filed a motion for leave to file a longer than normal petition. (Dkt. #2). Good cause appearing, the motion is granted.

Petitioner has filed a motion for leave to proceed *in forma pauperis*. (Dkt. #3). Because petitioner paid the filing fee for this action, the motion for leave to proceed *in forma pauperis* is denied as moot.

The petition contains three grounds for relief. Grounds 1 and 2 contain several sub-claims. (Petition, Dkt. #1, at pp. 3-78; Dkt. #1-1, pp. 1-22). In grounds 2E-1A through 2E-1N, petitioner asserts several claims of ineffective assistance of his trial counsel. (Dkt. #1, at pp. 38-78 and Dkt. #1-1, at pp. 1-15). Petitioner has filed a motion for leave to amend. (Dkt. #6). Petitioner seeks

leave to amend to add a ground based on alleged ineffective assistance of counsel. Attached to petitioner's motion to amend, at Exhibit C, is petitioner's proposed Ground 2E-1O. (Dkt. #6, at pp. 13-15). Petitioner alleges that his counsel was ineffective for failing to call a toxicologist and a forensic pathologist at trial, failing to properly investigate, and failing to request an acquittal based on insufficient evidence. (*Id.*). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, petitioner's motion to amend is granted such that petitioner's proposed Ground 2E-1O (Dkt. #6, at pp. 13-15) shall be considered part of the petition. The petition shall be served on respondents. Respondents shall file a response to the petition, as set forth at the conclusion of this order.

Petitioner has filed a motion seeking the appointment of counsel. (Dkt. #5). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition in this action is well-written and sufficiently clear in presenting the many issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this instance. The motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file a longer than normal petition (Dkt. #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Dkt. #3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion to amend (Dkt. #6) is **GRANTED** such that petitioner's proposed Ground 2E-1O (Dkt. #6, at pp. 13-15) shall be considered part of the petition.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **ELECTRONICALLY SERVE** the petition (Dkt. #1, Dkt. #1-1, and Dkt. #6, at pp. 13-15) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court. The hard copy of all exhibits submitted to the Court shall be tabbed and shall be bound along the top edge of the pages.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (Dkt. #5) is **DENIED.**

Dated this 6th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE

-3-