1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY STIEGLER,

    Petitioner,

vs.

WARDEN NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-01274-APG-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss the petition.  (ECF No. 14).

**I. Background**

This federal habeas petition challenges petitioner's conviction of second degree murder with the use of a deadly weapon.  In its order denying petitioner's direct appeal, the Nevada Supreme Court summarized the facts of this case as follows:

> Stiegler was charged with killing his roommate, Robert Wilson, by "blunt force trauma and/or asphyxiation," with the use of a deadly weapon, "to wit: a metal pole and/or unknown blunt object."  Stiegler admitted to killing Wilson, albeit in self-defense, during the course of a fight in which he used a metal rod to hit Wilson.  Stiegler, however, did not report the incident to the police, but instead wrapped a plastic sheet around Wilson's head and body, tied his hands and feet together, and placed the body in a hollow space under the floorboards of his apartment beneath a stairwell.  Within days, Stiegler proceeded to pour concrete and tar over the body, and when it dried, covered the area with carpet.  Stiegler disposed of the metal rod and excised a portion of the carpet were Wilson bled.  After Wilson disappeared, Stiegler lied to several people, including Wilson's family, about

Wilson's whereabouts. Several months later, after losing a contested eviction, Stiegler fled to Arizona and worked under an assumed name.

Dr. Rexene Worrell performed the autopsy on Wilson and testified at trial that he suffered approximately fourteen blows to the head, most of which were to the back of his skull, resulting in lacerations. Dr. Worrell stated that if the blows to the head did not kill Wilson, he may have died from asphyxiation after the plastic bag was placed over his head. Dr. Worrell also testified that the ligature marks around Wilson's wrists and the swelling of his hands indicated that Wilson was alive when his wrists were bound.

(Exhibit 47, at pp. 2-3).[1]

## II. Procedural History

On January 14, 2003, the State filed an information charging petitioner with murder with the use of a deadly weapon. (Exhibit 6).[2] At his January 23, 2003 arraignment, petitioner entered a plea of not guilty and invoked trial within 60 days pursuant to statute. (Exhibit 7). The state district court set trial for March 24, 2003. (*Id.*, at p. 5).

At the March 18, 2003 calendar call, petitioner requested a continuance and waived his statutory request for a speedy trial. (Exhibit 8). On June 19, 2003, the State filed their notice of witnesses and notice of expert. (Exhibit 9). On July 3, 2003, the State filed a supplemental notice of witnesses and notice of expert. (Exhibit 10). On July 17, 2003, the State filed a motion in limine to limit questioning of witnesses regarding alleged prior bad acts by the victim. (Exhibit 11). At a July 22, 2003 calendar call, petitioner's counsel notified the trial court that the State's notice of witnesses created a conflict requiring the withdrawal of counsel. (Exhibit 12). A July 30, 2003

---

[1]The summary of background facts is intended only as an overview of the case, in order to provide context for the discussion of the issues. Any absence of mention of specific evidence in this overview does not signify that this Court has overlooked or ignored the evidence. The Court makes no credibility findings or other factual findings regarding the truth of the evidence or statements of fact in the state court. No statement of fact made in describing statements, testimony, or other evidence in the state court, whether in this overview or in the discussion of a particular issue, constitutes a finding of this Court.

[2] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12 & 16.

1   calendar call confirmed the appointment of new counsel.  (Exhibit 13).  On March 31, 2004,

2   petitioner filed motions for medical records of the victim.  (Exhibit 14).

3          At the April 13, 2004 calendar call, the matter was continued until October.  (Exhibit 15).

4   On July 2, 2004, petitioner filed a response to the State's motion in limine.  (Exhibit 16).  On July

5   30, 2004, petitioner filed additional requests for production of records for the victim.  (Exhibit 17).

6          On August 16, 2004, the trial court heard argument on the State's motion in limine.  (Exhibit

7   18).  The trial court set the matter for an evidentiary hearing at the calendar call.  (*Id.*, at p. 5).  On

8   September 1, 2004, petitioner filed a request for records from the Las Vegas Municipal Court

9   concerning the victim.  (Exhibit 19).  On September 15, 2004, petitioner filed an offer of proof in

10  anticipation of the evidentiary hearing concerning alleged bad acts of the victim.  (Exhibit 20).  On

11  October 5, 2004, petitioner filed a notice of expert witness.  (Exhibit 21).  On October 19, 2004, the

12  trial court held the calendar call.  (Exhibit 22).  Both trial and the evidentiary hearing were

13  continued.  (*Id.*, at p. 4).

14         On December 20, 2004, new counsel entered an appearance for petitioner.  (Exhibit 23).  At

15  the June 12, 2005 calendar call both sides announced ready for trial and that the parties agreed that

16  the victim's domestic violence prior could come in as evidence, but the allegations of child

17  molestation could not, and further agreed that the defendant's first conversation with witness Hegge

18  would come in as evidence but that subsequent conversations would not come into evidence.

19  (Exhibit 24).  On June 27, 2005, the State filed a supplemental notice of witnesses.  (Exhibit 25).

20  On July 1, 2005, the State filed a motion to preclude the defense from introducing his own hearsay

21  statements or from referencing them in opening statements.  (Exhibit 26).  Also on July 1, 2005,

22  petitioner filed notice of an expert witness.  (Exhibit 27).  On July 7, 2005, the State filed a second

23  amended information.  (Exhibit 28).  On July 7, 2005, petitioner filed a witness notice.  (Exhibit

24  29).  On July 8, 2005, petitioner filed an opposition to the motion to preclude.  (Exhibit 30).  On

25  July 15, 2005, the State filed a supplemental notice of witnesses.  (Exhibit 31).

26         Jury selection began on July 18, 2005.  (Exhibit 32).  Trial continued through July 26, 2005.

27  (Exhibits 32-37).  The jury returned a verdict finding petitioner guilty of second degree murder with

28

1  the use of a deadly weapon.  (Exhibits 37 & 39).  On September 6, 2005, petitioner filed a

2  sentencing memorandum.  (Exhibit 40).

3       Petitioner appeared before the district court on October 3, 2005 for sentencing.  (Exhibit 41).

4  Petitioner received a sentence of 10 years to life, with an equal and consecutive 10 years to life for

5  the use of a deadly weapon.  (Exhibit 41, at p. 30).  The judgment of conviction was filed on

6  October 6, 2005.  (Exhibit 42).  Petitioner filed a notice of appeal on November 3, 2005.  (Exhibit

7  43).  On January 10, 2007, the Nevada Supreme Court affirmed petitioner's conviction.  (Exhibit

8  47).  Remittitur issued on February 7, 2007.  (Exhibit 48).

9       On August 21, 2007, petitioner filed his post-conviction state habeas petition.  (Exhibit 49).

10  Petitioner also filed a memorandum of points and authorities in support of his petition.  (Exhibit

11  49A).  On August 31, 2007, the state district court filed an order directing the State to respond to

12  the petition.  (Exhibit 50).  On September 27, 2007, the State filed an opposition to the petition.

13  (Exhibit 51).  On December 31, 2007, the state district court filed a written order denying the

14  petition.  (Exhibit 52).  Petitioner filed a notice of appeal.  (Exhibit 53).  On September 30, 2009,

15  the Nevada Supreme Court filed an order affirming in part, reversing in part, and remanding.

16  (Exhibit 54).  The court affirmed the denial and dismissal of all but two of petitioner's claims.

17  Regarding the two remaining claims, the Nevada Supreme Court stated:

> Appellant's claims regarding whether trial counsel was ineffective for
> failing to secure experts to testify about forensic pathology and
> toxicology were not belied by the record.  The testimony provided by
> the medical examiner regarding the cause and time of death was
> equivocal and experts in forensic pathology and toxicology may have
> provided support for appellant's defense theories of natural causes,
> insufficient evidence and self-defense.  Therefore, we reverse the
> denial of these claims and remand to the district court for an
> evidentiary hearing.  Further, given the complex nature of the issues
> being remanded and the fact that they require investigation of facts
> outside the record, the district court shall appoint counsel pursuant to
> NRS 34.750 to aid appellant in litigating these claims.

(Exhibit 54, at p. 22).  Respondents petitioned for rehearing on October 15, 2009.  (Exhibit 55).  On

November 13, 2009, the Nevada Supreme Court denied the petition for rehearing.  (Exhibit 56).

Remittitur issued on December 8, 2009.  (Exhibit 57).

1    On remand, the state district court appointed counsel for petitioner's continued state habeas

2    proceedings.  (Exhibit 58).  On June 22, 2012, the state district court held an evidentiary hearing on

3    the petition.  (Exhibit 64).  At the conclusion of the hearing, the district court set the matter for

4    additional argument.  The parties filed supplemental briefs.  (Exhibits 65 & 66).  The court heard

5    oral argument from the parties on November 1, 2012, after which the court denied the petition.

6    (Exhibit 67).  On March 14, 2013, the state district court issued a written order denying the petition.

7    (Exhibit 71).  Petitioner filed a notice of appeal on April 16, 2013.  (Exhibit 72).  In his opening

8    brief, filed October 29, 2013, petitioner raised the following claim: "Stiegler's state and federal

9    constitutional rights were violated by the ineffectiveness of his trial counsel in their failure to

10   consult or call a toxicologist at his trial."  (Exhibit 73, at p. iii).  On June 12, 2014, the Nevada

11   Supreme Court filed an order affirming the denial of the post-conviction state habeas petition.

12   (Exhibit 76).  Remittitur issued on July 10, 2014.  (Exhibit 77).

13       Petitioner's federal habeas petition was signed on July 30, 2014, and was received by this

14   Court on August 4, 2014.  (ECF No. 1).  On November 6, 2014, the Court granted petitioner's

15   motion to amend the petition with an additional claim of ineffective assistance of counsel.  (ECF

16   No. 7).  The Court directed respondents to file an answer to petition.  (*Id.*).  Respondents filed the

17   instant motion to dismiss.  (ECF No. 14).  Petitioner filed an opposition to the motion.  (ECF No.

18   23).  Respondents filed a reply.  (ECF No. 24).

19   **III.  Discussion**

20       **A.  Exhaustion**

21          **1.  Ground 1(D)**

22       Ground 1(D) of the federal habeas corpus petition alleges: "It was reversible error for the

23   district court to instruct the jury on flight as an [sic] consciousness of guilt as the evidence was

24   insufficient to support the instruction."  (ECF No. 1, at p. 16).  Respondents argue that the claim is

25   unexhausted because it was never presented as a claim of violation of the federal constitution.

26       A petitioner must alert the state courts to the fact that he is asserting a federal claim in order

27   to fairly present the legal basis of the claim for purposes of exhaustion.  *Duncan v. Henry*, 513 U.S.

28   364, 365-66 (1995).  In the Ninth Circuit, a petitioner must make the federal basis of the claim

explicit by either referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *Castillo v. McFadden*, 399 F.3d 993, 999; *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001). "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005). If a petitioner cites a state case that analyzes a federal constitutional issue, that federal issue is fairly presented. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

In this case, the petitioner's Ground 1(D) is an exact duplicate of argument IV of petitioner's opening brief on direct appeal. (*Compare* ECF No. 1, at pp. 16-19 *with* Exhibit 44, at pp. 29-31). Petitioner's opening brief to the Nevada Supreme Court cited and discussed the federal decisions in the following cases: *United States v. Feldman*, 788 F.2d 544, 555 (9th Cir. 1986); *Morris v. United States*, 325 F.2d 192 (1963); and *United States v. Meyers*, 550 F.2d 1036, 1051 (5th Cir. 1977). Petitioner's claims in Ground 1(D) of the federal amended petition were properly presented and federalized in the Nevada state courts. Ground 1(D) of the petition is exhausted.

### 2. Ground 2(E)(1)(A)

Petitioner alleges that trial counsel failed to retain a forensic pathologist to testify regarding the murder victim's cause of death. (ECF No. 1, at p. 38). Respondents argue that this claim is unexhausted. The fair presentation requirement is only satisfied when the claim has been presented to the highest state court by describing the operative facts and legal theory upon which the federal claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, (1982). By order filed September 30, 2009, the Nevada Supreme Court initially reversed and remanded petitioner's claim that trial counsel failed to retain a forensic pathologist and a toxicologist to testify at trial. (Exhibit 54, at pp. 16-17). The state district court held an evidentiary hearing on the merits of these issues and denied relief. (Exhibits 64 & 69). When appealing the denial to the Nevada Supreme Court, petitioner's opening brief raised only counsel's failure to consult or call a toxicologist at trial, noting that petitioner had abandoned the ineffective assistance of counsel claim regarding the failure to call forensic

1  pathologist.  (Exhibit 73, at p. 7).  Petitioner never presented to the Nevada Supreme Court the

2  fully-developed ineffective assistance claim regarding failure to call a forensic pathologist.  As

3  such, Ground 2(E)(1)(A) is unexhausted.

### 3.  Ground 2(E)(1)(F)

5  Petitioner alleges that trial counsel was ineffective for failing to object to the admission of

6  hearsay statements during trial.  (ECF No. 1, at p. 61).  Petitioner's Ground 2(E)(1)(F) of the federal

7  petition contains the exact language found within argument IV of petitioner's memorandum of

8  points and authorities to his state habeas petition.  (*Compare* ECF No. 1, at pp. 61-64 *with* Exhibit

9  49A, at pp. 25-27).  Because petitioner was proceeding *pro se* on his state habeas appeal, he

10  necessarily presented the grounds within his habeas petition, including Ground 2(E)(1)(F), to the

11  Nevada Supreme Court.  Ground 2(E)(1)(F) is exhausted.

### 4.  Ground 2(E)(1)(O)

13  Petitioner alleges that "trial counsel was ineffective in failing to properly investigate the

14  manner and cause of death in their preparation for trial."  (ECF No. 6, at p. 14).  This claim was part

15  of petitioner's supplemental petition.  In that pleading, petitioner states:

> Petitioner acknowledges that this Ground regarding ineffectiveness
> for failing to challenge the weapons enhancement at all levels of the
> Nevada State proceedings is unexhausted, however, this Court can
> still properly consider it on the merits.  The Nevada Supreme Court
> has rejected the application of the United States Supreme Court's
> decision in <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012) in state court
> proceedings and therefore petitioner should be allowed to proceed
> with his proper person claim of trial ineffectiveness in the first
> instance in federal court.

21  (ECF No. 6, at p. 4).  The *Martinez v. Ryan* case does not excuse a failure to exhaust a claim.  The

22  Court in *Martinez* held that post-conviction counsel's ineffectiveness may provide cause to excuse

23  procedure default.  132 S.Ct. at 1315.  Ground 2(E)(1)(O) is unexhausted.

### 5.  Petitioner's Options Regarding Unexhausted Claims

25  A federal court may not entertain a habeas petition unless the petitioner has exhausted

26  available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*,

27  455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is

28  subject to dismissal.  *Id.*  In the instant case, the Court finds that Ground 2(E)(1)(A) and Ground

2(E)(1)(O) of the federal petition are unexhausted, but Ground 1(D) and Ground 2(E)(1)(F) are exhausted.  Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

> 1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;
>
> 2.  He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.  He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).  Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**B.  Procedural Default**

Respondents argue that Grounds 2(A), 2(B), 2(C), and 2(D) of the federal petition were procedurally defaulted in state court and are barred from consideration by this Court.

**1. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine.  *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").  Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the

-8-

1   default may be excused only "if a constitutional violation has probably resulted in the conviction of

2   one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice

3   resulting from it.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

4        A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established

5   at the time of the petitioner's purported default."  *Calderon v. United States District Court (Bean)*,

6   96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see*

7   *also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006).  A state procedural bar is

8   "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its

9   decision."  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).  A state court's decision is not

10  "independent" if the application of the state's default rule depends on the consideration of federal

11  law.  *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735

12  (there is no independent state ground for a state court's application of procedural bar when the

13  court's reasoning rests primarily on federal law or is interwoven with federal law).

14                    **2.  Analysis Regarding Independent and Adequate State Ground**

15        In Ground 2(A) of the federal petition, petitioner claims that the reasonable doubt

16  instruction improperly minimized the State's burden of proof at trial.  (ECF No. 1, at pp. 21-23).  In

17  Ground 2(B), petitioner alleges that juror number 3 (Thomas Tonai) engaged in juror misconduct by

18  discussing the case.  (*Id.*, at pp. 25-27).  In Ground 2(C), petitioner alleges juror misconduct on the

19  part of juror number 10 (Benjamin Labrador) because the juror failed to disclose he had a business

20  relationship with petitioner's wife.  (*Id.*, at pp. 29-31).  In Ground 2(D), petitioner claims the trial

21  court erred by allowing the State to amend the information to include a deadly weapon

22  enhancement.  (*Id.*, at pp. 33-36).  Petitioner presented these same claims in the memorandum of

23  points and authorities to his state habeas petition.  (Exhibit 49A, at pp. 5-13).  The Nevada Supreme

24  Court found the claims procedurally defaulted, as follows:  "To the extent that appellant raised any

25  of the underlying claims independently from his ineffective assistance of counsel claims, we

26  conclude that they were waived because they could have been raised on direct appeal, and appellant

27  failed to demonstrate good cause for his failure to do so.  See NRS 34.810(1)(b)."  (Exhibit 54, at p.

28  18, n.5).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application

1   of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state

2   ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

3   F.3d 1207, 1210-12 (9th Cir. 1999).  This Court finds that petitioner's claims in Grounds 2(A),

4   2(B), 2(C), and 2(D) of the federal petition were procedurally defaulted by the Nevada Supreme

5   Court on independent and adequate state law grounds.  Those claims are subject to dismissal as

6   procedurally barred, unless petitioner can show good cause and prejudice to excuse the default, or

7   show that failure to consider the defaulted claims will result in a fundamental miscarriage of justice.

8               **3.  Cause and Prejudice**

9           This Court has found that Grounds 2(A), 2(B), 2(C), and 2(D) of the federal petition were

10  procedurally defaulted on independent and adequate state law grounds.  "Cause" to excuse a

11  procedural default exists if a petitioner can demonstrate that some objective factor external to the

12  defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v.*

13  *Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613,

14  617 (9th Cir. 1998).  Ineffective assistance of counsel may satisfy the cause requirement to

15  overcome a procedural default. *Murray*, 477 U.S. at 488.  However, for ineffective assistance of

16  counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel,

17  itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89.  In addition, the

18  independent ineffective assistance of counsel claim cannot serve as cause if that claim is

19  procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  Moreover, because there

20  is no constitutional right to counsel in state post-conviction proceedings, an attorney's errors in

21  such proceedings do not establish cause for a procedural default. *Coleman*, 501 U.S. at 753-54; *see*

22  *also Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (carving narrow exception to general rule of

23  disallowing claim of ineffective assistance of counsel on collateral review to establish cause to

24  overcome a procedural bar, except for a claim that may only be brought in the first instance in that

25  collateral review proceeding pursuant to state law).

26          Petitioner asserts that, pursuant to *Martinez,* his failure to raise the defaulted claims on

27  direct appeal is excused.  The Supreme Court in *Martinez* held that the absence or ineffective

28  assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances,

constitute cause for procedural default of a claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1320.  The instant case does not implicate *Martinez* because Grounds 2(A) through 2(D) were not ineffective assistance of counsel claims.  Moreover, petitioner was represented by counsel during his direct appeal, when he should have, but did not, bring the claims raised in Grounds 2(A) through 2(D).  Grounds 2(A), 2(B), 2(C), and 2(D) were procedurally defaulted in state court and petitioner has failed to show cause and prejudice to excuse the procedural default.  As such, Grounds 2(A), 2(B), 2(C), and 2(D) are barred from review by this Court and will be dismissed with prejudice.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Ground 1(D) of the petition is exhausted.

2. Ground 2(E)(1)(A) is unexhausted.

3. Ground 2(E)(1)(F) is exhausted.

4. Ground 2(E)(1)(O) is unexhausted.

5. Grounds 2(A), 2(B), 2(C), and 2(D) are procedurally defaulted.

**IT IS FURTHER ORDERED** that Grounds 2(A), 2(B), 2(C), and 2(D) of the federal petition are **DISMISSED WITH PREJUDICE** as procedurally barred.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

1    **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

2    respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

3    abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer

4    shall contain all substantive and procedural arguments as to all surviving grounds of the petition,

5    and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District

6    Courts under 28 U.S.C. §2254.

7    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service

8    of respondents' answer in which to file a reply.

9    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

10   permitted, this case may be dismissed.

Dated this 5th day of August, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE