**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| GREGORY STIEGLER, | Case No. 2:14-cv-01274-APG-CWH |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN NEVEN, et al., | |
| Respondents. | |

This action is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the court is the petitioner's motion for leave to file a supplemental petition and for an evidentiary hearing (ECF No. 29). Respondents have opposed (ECF No. 31).

## I.    Factual and Procedural Background

In this action, petitioner challenges his state court conviction of second degree murder with the use of a deadly weapon. In its order denying petitioner's direct appeal, the Nevada Supreme Court summarized the facts of this case as follows:

> Stiegler was charged with killing his roommate, Robert Wilson, by "blunt force trauma and/or asphyxiation," with the use of a deadly weapon, "to wit: a metal pole and/or unknown blunt object." Stiegler admitted to killing Wilson, albeit in self-defense, during the course of a fight in which he used a metal rod to hit Wilson. Stiegler, however, did not report the incident to the police, but instead wrapped a plastic sheet around Wilson's head and body, tied his hands and feet together, and placed the body in a hollow space under the floorboards of his apartment beneath a stairwell. Within days, Stiegler proceeded to pour concrete and tar over the body, and when

1

it dried, covered the area with carpet.  Stiegler disposed of the metal rod and excised a portion of the carpet were Wilson bled.  After Wilson disappeared, Stiegler lied to several people, including Wilson's family, about Wilson's whereabouts.  Several months later, after losing a contested eviction, Stiegler fled to Arizona and worked under an assumed name.

Dr. Rexene Worrell performed the autopsy on Wilson and testified at trial that he suffered approximately fourteen blows to the head, most of which were to the back of his skull, resulting in lacerations.  Dr. Worrell stated that if the blows to the head did not kill Wilson, he may have died from asphyxiation after the plastic bag was placed over his head.  Dr. Worrell also testified that the ligature marks around Wilson's wrists and the swelling of his hands indicated that Wilson was alive when his wrists were bound.

(Ex. 47, at pp. 2-3).[1]  Following a jury trial, petitioner was found guilty of second degree murder with the use of a deadly weapon.  (Exs. 37 & 39).  Petitioner was sentenced on October 3, 2005 to a term of 10 years to life, with an equal and consecutive 10 years to life for the use of a deadly weapon, and judgment of conviction was entered on October 6, 2005.  (Exs. 41 & 42).  Petitioner filed a notice of appeal on November 3, 2005.  (Ex. 43).  On January 10, 2007, the Nevada Supreme Court affirmed petitioner's conviction.  (Ex. 47).  Remittitur issued on February 7, 2007.  (Exhibit 48).

On August 21, 2007, petitioner filed his post-conviction state habeas petition.  (Exs. 49 & 49A).  The state district court denied the petition, and petitioner appealed.  (Exs. 52 & 53).  On September 30, 2009, the Nevada Supreme Court entered an order affirming in part, reversing in part, and remanding.  (Exhibit 54).  The court affirmed the denial and dismissal of all but two of petitioner's claims.  Regarding the two remaining claims, the Nevada Supreme Court stated:

Appellant's claims regarding whether trial counsel was ineffective for failing to secure experts to testify about forensic pathology and toxicology were not belied by the record.  The testimony provided by the medical examiner regarding the cause and time of death was equivocal and experts in forensic pathology and toxicology may have provided support for appellant's defense theories of natural causes, insufficient evidence and self-defense.  Therefore, we reverse the denial of these claims and remand to the district court for an evidentiary hearing.  Further, given the complex nature of the issues being remanded and the fact that they require investigation of facts outside the record, the district court shall appoint counsel pursuant to NRS 34.750 to aid appellant in litigating these claims.

---

[1] The exhibits referenced in this order are found at ECF Nos. 12 and 16.

(Ex. 54 at 22).

On remand, the state district court appointed counsel for petitioner's continued state habeas proceedings. (Ex. 58). After an evidentiary hearing and supplemental argument, the state district court denied the petition. (Exs. 64-67 & 71). Petitioner filed a notice of appeal on April 16, 2013. (Ex. 72). In his opening brief, filed October 29, 2013, petitioner raised the following claim: "Stiegler's state and federal constitutional rights were violated by the ineffectiveness of his trial counsel in their failure to consult or call a toxicologist at his trial." (Ex. 73 at iii). On June 12, 2014, the Nevada Supreme Court filed an order affirming the denial of the post-conviction state habeas petition. (Ex. 76). Remittitur issued on July 10, 2014. (Ex. 77).

Petitioner signed his federal habeas petition on July 30, 2014. (ECF No. 1). On November 6, 2014, the Court granted petitioner's motion to amend the petition with an additional claim of ineffective assistance of counsel. (ECF No. 7). On February 3, 2015, respondents filed a motion to dismiss, arguing that some of petitioner's claims were unexhausted and others were procedurally defaulted. (ECF No. 14).

On August 5, 2016, the court granted in part and denied in part the motion to dismiss. (ECF No. 26). The court found unexhausted Ground 2(E)(1)(A), which asserted that trial counsel failed to retain a forensic pathologist to testify regarding the murder victim's cause of death, and Ground 2(E)(1)(O), which asserted that trial counsel was ineffective for failing to properly investigate the manner and cause of death in preparing for trial. The court further found four grounds procedurally defaulted: (1) Ground 2(A), which claimed the reasonable doubt instruction improperly minimized the State's burden of proof at trial; (2) Ground 2(B), which alleged that juror number 3 engaged in misconduct by discussing the case; (3) Ground 2(C), which alleged that juror number 10 engaged in misconduct by failing to disclose he had a business relationship with petitioner's wife; and (4) Ground 2(D), which alleged that the trial court erred by allowing the State to amend the information to include a deadly weapon enhancement. (ECF No.

26 at 9).  Finding no cause for the default, the court dismissed those grounds as procedurally barred.  (*Id.* at 10-11).  Because the petition was mixed, the court directed petitioner to notify the court how he wished to proceed by either: (1) submitting a sworn declaration that he wished to abandon the unexhausted claims; (2) submitting a sworn declaration that he wished to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) filing a motion to stay and abey.

On October 21, 2016, petitioner filed a declaration electing to abandon his unexhausted claims.  (ECF No. 30).  At the same time, petitioner filed a motion to supplement his petition to include the unexhausted and procedurally defaulted claims re-framed as claims that post-conviction counsel was ineffective for failing to argue that trial and appellate counsel were ineffective with respect to those claims.

## II.    Standard

Petitioner moves to supplement his petition pursuant to Federal Rule of Civil Procedure 15(d).  Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

None of the claims petitioner seeks to add, however, arose subsequent to the filing of his federal habeas petition.  Thus, Rule 15(d) is not the appropriate standard for considering petitioner's request.  Instead, petitioner's motion must be analyzed as a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Under Rule 15(a)(2), "the court should freely give leave [to amend] when justice so requires."  However, leave to amend "is not to be granted automatically."  *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).  The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *Id.* (internal punctuation

4

omitted).  "Futility alone can justify the denial of a motion for leave to amend."  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

**III.    Analysis**

Petitioner seeks to amend his petition to include the following claims:

A. Ground 4(A): Post-conviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to retain a forensic pathologist to testify regarding the victim's cause of death;

B. Ground 4(B): Post-conviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to properly investigate the manner and cause of death in preparation for trial and that appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on the deadly weapon enhancement;

C. Ground 4(C): Post-conviction counsel was ineffective for failing to present the issue that trial counsel was ineffective for failing to object to the reasonable doubt instruction and that appellate counsel was ineffective for failing to raise this argument on appeal;

D. Ground 4(D): Post-conviction counsel was ineffective for failing to present the issue that trial counsel was ineffective for failing to investigate and preserve for appeal misconduct of juror number 3 and that appellate counsel was ineffective for failing to raise this issue on appeal;

E. Ground 4(E): Post-conviction counsel was ineffective for failing to present the issue that trial counsel was ineffective for failing to investigate and preserve for appeal misconduct of juror number 10 and that appellate counsel was ineffective for failing to raise this issue on direct appeal; and

5

F.  Ground 4(F): Post-conviction counsel was ineffective for failing to present the issue that trial counsel was ineffective for not objecting to and preserving for appeal the argument that the trial court improperly allowed the State to amend the information to include a deadly weapon enhancement and that appellate counsel was ineffective for failing to raise this claim on appeal.

As petitioner has expressly recognized, these claims are the claims the court previously found unexhausted or procedurally defaulted reframed as claims of ineffective assistance of post-conviction counsel.  However, re-framed as such, the claims are not cognizable.  "[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim."  *Martinez v. Schriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Thus, amending the petition to include claims of ineffective assistance of post-conviction counsel would be futile and leave to amend will accordingly be denied.

Liberally construed, however, petitioner's proposed supplement also alleges ineffective assistance of appellate and trial counsel claims.  Some of these claims are already included in the operative petition elsewhere, including: (1) claims of ineffective assistance of appellate counsel asserted in proposed grounds 4(C), 4(D), 4(E), and 4(F) (ECF No. 1-1 at 19 (Ground 2F 1B)); and (2) claims of ineffective assistance of trial counsel with respect to juror misconduct asserted in proposed grounds 4(D) and 4(E) (ECF No. 1 at 72-74).   As these claims are already in the petition, no amendment is necessary or proper as to these grounds.

As to the claims that are not already part of the petition, however, the court concludes that, in the interests of justice, leave to amend should be granted. Those claims are that: (1) trial counsel was ineffective for failing to retain a forensic pathologist to testify regarding the victim's cause of death; (2) trial counsel was ineffective for failing to properly investigate the manner and cause of death in preparation for trial and that appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on the deadly weapon enhancement; (3) trial counsel was ineffective for failing to object to the reasonable doubt instruction; (4) trial counsel was ineffective for failing to investigate and preserve for appeal misconduct of juror number 3; (5) trial counsel was ineffective for failing to investigate and preserve for appeal misconduct of juror number 10; and (6) trial counsel was ineffective for not objecting to and preserving for appeal the argument that the trial court improperly allowed the State to amend the information to include a deadly weapon enhancement.

The court recognizes that the first two of these claims are identical to those the court previously found unexhausted and which petitioner elected to abandon. The court further recognizes that in all likelihood, all of these claims are unexhausted. However, petitioner's motion invokes *Martinez v. Ryan*, 566 U.S. 1 (2012), which created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where their post-conviction counsel failed to raise on collateral review a substantial claim of ineffective assistance of trial counsel.[2] *Id.* at 16, 17. While *Martinez* does not allow a petitioner to proceed on a claim without first exhausting it in state court, as petitioner appears to believe, it is clear that in moving to amend petitioner seeks to invoke the exception created by *Martinez*. Petitioner may have a substantial argument that the court should stay and abey while he exhausts these and the other unexhausted

---

[2] *Martinez* does not supply cause to excuse the procedural default of an ineffective assistance of *appellate* counsel claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

claims. The court will therefore give petitioner an opportunity to re-plead the claims he has abandoned.

The court also recognizes that respondents may assert these claims are untimely and therefore amendment would be futile. However, the claims petitioner seeks to add appear to arise out of a "common core of operative facts" with petitioner's original claims and would therefore "relate[] back" to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 656-64 (2005); *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013) (amended claim of ineffective assistance of counsel for failing to raise double jeopardy claim related back to substantive claim in original petition). As the proposed amendments are not obviously untimely, amendment is not futile.

The remaining factors -- bad faith, undue delay, prejudice, and prior amendments -- do not, on the whole, counsel against an amendment. Accordingly, the court concludes leave to amend the petition as set forth above will be granted.

In filing his amended petition, petitioner shall file a single, consolidated pleading presenting all of his claims, both old and new, as required by Local Rule LR 15-1. Under Rule 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the court.

## IV.    Request for Evidentiary Hearing

Petitioner's request for an evidentiary hearing, which seeks an opportunity to develop the facts related to his anticipated procedural default, is premature and will be denied. The court will not consider whether to conduct an evidentiary hearing on procedural default issues until such time as petitioner has exhausted his unexhausted claims, the state court has ruled the claims procedurally defaulted, and arguments have been made as to why this court should find the procedural default excused.

1    **V.    Conclusion**

2          In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's

3    motion for leave to amend his petition (ECF No. 29) is GRANTED IN PART. Petitioner

4    may amend his petition to include the following claims: (1) trial counsel was ineffective for

5    failing to retain a forensic pathologist to testify regarding the victim's cause of death; (2)

6    trial counsel was ineffective for failing to properly investigate the manner and cause of

7    death in preparation for trial and that appellate counsel was ineffective for failing to raise

8    a sufficiency of the evidence claim on the deadly weapon enhancement; (3) trial counsel

9    was ineffective for failing to object to the reasonable doubt instruction; (4) trial counsel

10   was ineffective for failing to investigate and preserve for appeal misconduct of juror

11   number 3; (5) trial counsel was ineffective for failing to investigate and preserve for appeal

12   misconduct of juror number 10; and (6) trial counsel was ineffective for not objecting to

13   and preserving for appeal the argument that the trial court improperly allowed the State

14   to amend the information to include a deadly weapon enhancement.  The motion for leave

15   to amend is DENIED in all other respects.

16          IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition

17   as an amended petition by placing the word "AMENDED" immediately above "Petition for

18   a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number,

19   2:14-cv-01274-APG-CWH, in the designated space, above the word "AMENDED."  Under

20   Local Rule LR 15-1, the amended petition must be complete in itself without reference to

21   previously filed papers.  Thus, the claims and allegations that are stated in the amended

22   petition will be the only matters remaining before the court.  Any claims or allegations that

23   are left out of the amended petition or that are not re-alleged therein no longer will be

24   before the court.

25          IT IS FURTHER ORDERED that petitioner shall file his amended petition within

26   sixty (60) days of the date of this order.

27

28                                                    9

IT IS FURTHER ORDERED that petitioner's request for an evidentiary hearing (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that respondents shall file a response to the amended petition within thirty (30) days of service of the petition. Petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that any state court record and related exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or

numbers of the exhibits in the attachment.  If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT IS FURTHER ORDERED that the Clerk of Court shall send petitioner two copies of a noncapital § 2254 petition form, along with one copy each of the instructions for the form and his original petition (ECF Nos. 1 & 6).

Dated: November 13, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE