# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

GREGORY STIEGLER,

Petitioner,

v.

WARDEN NEVEN, et al.,

Respondents.

Case No. 2:14-cv-01274-APG-CWH

**ORDER**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on the petitioner's motion to stay proceedings on his amended petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (ECF No. 37).

In *Rhines*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).  Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Respondents object to the motion to stay on the grounds that it is premature, arguing that the Court has yet to find any of the claims in the amended petition to be unexhausted.  However, at least two claims in the amended petition have already been ruled unexhausted by the Court: (1) Ground 4A, which alleges that trial counsel was ineffective for failing to retain a forensic pathologist to testify regarding the murder victim's cause of death; and (2) petitioner's claim that trial counsel was ineffective for failing to properly investigate the manner and cause of death in preparing for trial.  (*See* ECF No. 26 at 6-7). Petitioner asserts as to both of these claims that postconviction counsel was ineffective for failing to raise them on appeal. It is important to revisit the procedural history of this case in order to see why, in this case, this allegation constitutes good cause.

The state district court denied petitioner's state postconviction petition. (Ex. 52). On appeal, the Nevada Supreme Court entered an order affirming in part, reversing in

part, and remanding.  (Exs. 53 & 54).  The court affirmed the denial and dismissal of all but two of petitioner's claims.  Regarding the two remaining claims, the Nevada Supreme Court stated:

> Appellant's claims regarding whether trial counsel was ineffective for failing to secure experts to testify about forensic pathology and toxicology were not belied by the record.  The testimony provided by the medical examiner regarding the cause and time of death was equivocal and experts in forensic pathology and toxicology may have provided support for appellant's defense theories of natural causes, insufficient evidence and self-defense.  Therefore, we reverse the denial of these claims and remand to the district court for an evidentiary hearing.  Further, given the complex nature of the issues being remanded and the fact that they require investigation of facts outside the record, the district court shall appoint counsel pursuant to NRS 34.750 to aid appellant in litigating these claims.

(Ex. 54 at 22).

On remand, the state district court appointed counsel for petitioner's continued state habeas proceedings. (Ex. 58). After an evidentiary hearing and supplemental argument, the state district court denied the petition.  (Exs. 64-67 & 71). Petitioner filed a notice of appeal on April 16, 2013.  (Ex. 72).  In the opening brief, filed by postconviction counsel, petitioner raised the following claim: "Stiegler's state and federal constitutional rights were violated by the ineffectiveness of his trial counsel in their failure to consult or call a toxicologist at his trial."  (Ex. 73 at iii). Petitioner's appeal thus did not allege ineffective assistance of trial counsel based on the failure to secure a forensic pathologist.

This Court ultimately found Ground 2(E)(1)(A) of the original petition, which asserted that trial counsel failed to retain a forensic pathologist to testify regarding the murder victim's cause of death, unexhausted.  This was a claim that the Nevada Supreme Court recognized was substantial and warranted an evidentiary hearing with counsel.  In light of the fact that only two issues, which had specifically been remanded by the Nevada Supreme Court, remained at play for a second appeal, postconviction counsel's failure to allege this claim in petitioner's second appeal was arguably ineffective.  The Court finds that, in this case, it is sufficient to show good cause for the failure to exhaust those claims.  The Court further finds that the claim is not "plainly meritless" and that petitioner has not

3

engaged in any intentionally dilatory litigation tactics. Accordingly, petitioner's motion to stay and abey will be granted, and this action will be administratively closed pending petitioner's exhaustion of his unexhausted claims in state court.

In accordance with the foregoing, it is therefore ordered that petitioner's motion for a *Rhines* stay and abeyance (ECF No. 37) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in petitioner's amended petition.

It is further ordered that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

Dated: March 26, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4