# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY STIEGLER,

        Petitioner,

v.

WARDEN NEVEN, et al.,

        Respondents.

Case No. 2:14-cv-01274-APG-DJA

**ORDER**

(ECF No. 53)

Petitioner Gregory Stiegler, a Nevada state prisoner proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 36. Stiegler has now filed a motion seeking an "additional 30 days, to and including March 7th, 2020," to oppose the respondents' Motion to Dismiss. ECF No. 53. He contends that the current response deadline is February 6, 2020, citing the July 30, 2019 Order reopening this case and setting a briefing schedule.

The briefing schedule in the cited order states: "Stiegler shall have 60 days following service of the answer to file and serve a reply brief. *If a dispositive motion is filed, the parties shall brief the motion in accordance with Local Rule 7-2*." ECF No. 42 at 1 (emphasis added).[1] Local Rule 7-2(b) provides that, for all motions other than a summary judgment motion, "the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." Because the respondents filed their motion to dismiss on December 5,

---

[1] When the respondents received an extension of time to answer or otherwise respond to the amended petition, I repeated that Stiegler "will have 60 days after service of any answer to file a reply in support of the amended petition. *But if the respondents file a dispositive motion instead of an answer, the response and reply deadlines will be governed instead by LR 7-2(b)*." ECF No. 49 (emphasis added).

2019, under LR 7-2(b), Stiegler's opposition was due December 19, 2019.  His current motion, signed and dated January 24, 2020, was filed over a month after the response deadline expired.

When requesting an extension of a deadline set by a scheduling order, the Local Rules of Practice require the moving party to state (1) the reasons for an extension, (2) indicate whether it is the first, second, third, etc. request, and (3) show good cause for the extension. LR IA 6-1(a); LR 26-4.  If the deadline has already expired, the Local Rules further require the moving party to demonstrate that the failure to meet the deadline was the result of excusable neglect. *Id.*

Stiegler may have overlooked the complete language of the scheduling orders.  I appreciate that it is difficult for *pro se* petitioners to litigate their claims.  Petitioners are well advised to familiarize themselves with the Local Rules of Practice, the Federal Rules of Civil Procedure, and relevant case law as much as possible, and to pay careful attention to all instructions stated in court orders.  Nevertheless, I will grant a 30-day extension from the date of this order to allow Stiegler to oppose the motion to dismiss.

I THEREFORE ORDER that petitioner Gregory Stiegler's Motion for Enlargement of Time **(ECF No. 53) is GRANTED IN PART**.  Stiegler has until **March 4, 2020**, to oppose the respondents' motion to dismiss.  The respondents reply deadline remains controlled by Local Rules 7-2(b).

Dated:   February 3, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE